UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| CURTIS WILLIAMS, | ) | Case No.: 1:03 CV 1674 |
| | ) | |
| Petitioner | ) | |
| | ) | |
| v. | ) | JUDGE SOLOMON OLIVER, JR. |
| | ) | |
| JULIUS WILSON, Warden, | ) | |
| | ) | |
| Respondent | ) | <u>ORDER</u> |

On August 7, 2003, Curtis Williams ("Williams" or "Petitioner"), filed a *pro se* Petition for Writ of Habeas Corpus (ECF No. 1) pursuant to 28 U.S.C. § 2254, challenging the constitutionality of his January 11, 2001 conviction for felonious assault. The case was referred to Magistrate Judge James S. Gallas for preparation of a report and recommendation. The Magistrate Judge issued his Report and Recommendation (ECF No. 19) on August 18, 2005, recommending that the Petition be denied.

In the Magistrate Judge's detailed Report and Recommendation, he concluded that Petitioner's first claim should be denied on the merits because the state court's refusal to allow Petitioner's mother to testify as a trial witness was not contrary to or an unreasonable application of clearly-established federal law. The Magistrate Judge reasoned that the excluded testimony was not vital to the defense because it would have been redundant, and its exclusion would not have had

a substantial impact on the outcome of the trial. With respect to the second claim for relief, the Magistrate Judge concluded that federal habeas review of the alleged prosecutorial misconduct was procedurally barred due to the failure to raise a contemporaneous objection at trial and the absence of cause and prejudice to excuse the procedural default. Finally, the Magistrate Judge rejected Petitioner's third claim for relief because federal habeas review is not available for allegations of error in the application of state sentencing law. The Magistrate Judge also noted that the trial court's consideration of uncharged conduct in its sentencing consideration was not a constitutional violation.

Petitioner filed Objections to the Report and Recommendation (ECF No. 23) on October 6, 2005. In his Objections, which are primarily directed at the first claim for relief regarding the testimony of Petitioner's mother, Petitioner contends that the additional testimony was relevant, material, and vital to his defense for three reasons. For the reasons stated below, none are well-taken.

First, Petitioner argues that his mother's testimony would have supported a jury instruction on the lesser charge of aggravated assault. The Magistrate Judge addressed this issue in his Report and Recommendation, and suggested that Ohio law would not have supported such an instruction, even with the additional testimony. Petitioner disputes this legal conclusion and contends that whether he had a sufficient "cooling off period" between the events in the garage and the assault at the police station was a question of fact for the jury. However, assuming Petitioner's view of the law is correct, Petitioner's habeas claim must still be denied because Petitioner never sought an instruction on aggravated assault even though he did present evidence to support such an instruction. Petitioner himself testified that the police officers beat him and provoked him in the garage, and that

he had not yet "cooled off"when he assaulted the police officer. Under Petitioner's view of Ohio law, this evidence alone, without the additional testimony from Petitioner's mother, could have supported the lesser instruction. However, Petitioner did not seek such an instruction at trial. Accordingly, the additional testimony cannot be said to be vital or material to an instruction Petitioner never sought.

Second, Petitioner contends that his mother's testimony is relevant to the actual felonious assault charge he was convicted under. While evidence of previous events that are "inextricably related to the alleged criminal act" may be admissible, *State v. Curry*, 43 Ohio St. 2d 66, 73 (1975), such evidence in this case was not vital or material to the defense. Petitioner admitted punching the officer at the police station. The events occurring beforehand, while admissible, do not change this fact, and do not bear on the proof of the elements of felonious assault.

Third, Petitioner asserts that his mother's testimony was vital because it would challenge the credibility of the police officers who testified in the case. Assuming the testimony in question were admitted at trial, and that the jury then discredited the police officer testimony in full, the fact remains that at trial, Petitioner admitted to punching the police officer. Any impact of Petitioner's mother's testimony on the jury's credibility determinations of other witnesses was thus immaterial.

Therefore, after carefully reviewing the Report and Recommendation, Petitioner's Objections, and all other relevant materials in the file, the court finds that the Magistrate Judge's conclusions are fully supported by the record and the controlling case law. Accordingly, the court adopts as its own the Magistrate Judge's Report and Recommendation (ECF No. 19). Williams's Petition for Habeas Corpus is hereby denied.

Petitioner is granted a certificate of appealability on his first claim.  However, the court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from the decision on claims two and three could not be taken in good faith, and that there is no basis upon which to issue a certificate of appealability for those claims.  28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).

IT IS SO ORDERED.

/s/ SOLOMON OLIVER, JR.
UNITED STATES DISTRICT JUDGE

October 28, 2005